UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF & DAMAGES:** |
| NAVIN SHAH, TRUSTEE, | ) | |
| KSNS STOCKBRIDGE ROAD REALTY | ) | **1ST CAUSE OF ACTION:** For Denial of |
| TRUST, | ) | |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Massachusetts Equal Rights |
| | ) | Law, M.G.L. c. 93, §103, *et seq.* |
| | ) | |

Plaintiff Derek Mortland Complains of Defendant KSNS Stockbridge Road Realty Trust,

and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which Mr. Mortland is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying Mr. Mortland access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Mr.

Mortland now seeks injunctive relief pursuant to the Americans with Disability Act of 1990

("title III" AND "ADA"), *et sec.*, as well as remedies under State law.

2.      Mr. Mortland is a person with physical disabilities who, on or about September

12, 2023, through September 13, 2023, was an invitee, guest, patron, or customer at Defendant's

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

property, which houses a Holiday Inn hotel, located at 415 Stockbridge Road, Great Barrington, MA 01230.  At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and was physically injured, embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.  **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Massachusetts law, whose goals are closely tied with the ADA, including but not limited to violations of the Massachusetts Equal Rights Law, M.G.L. c. 93, §103, *et seq.*

4.  **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Great Barrington, County of Berkshire, State of Massachusetts and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.  Mr. Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

member of that portion of the public whose rights are protected.

6.  KSNS Stockbridge Road Realty Trust, care of its Trustee, Navin Shah, is a Trust created under Massachusetts law, and is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Holiday Inn hotel, located at 415 Stockbridge Road, Great Barrington, MA 01230 (hereinafter "the business"), and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.  The business is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8.  At all times relevant to this complaint, Defendant is the landlord/lessor, tenant/lessee and the owner and operator of the business. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201**      **General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.  Mr. Mortland does not know the true names of Defendant, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Mr. Mortland is informed and believes that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other Defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Mr. Mortland may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to) or operates the business. The business and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the business to handicapped access requirements. Defendant's facility was constructed, altered, remodeled, renovated or upgraded after January 26, 1992; the facility must comply with either the Americans with Disability Act 1991 Standards and/or the 2010 Standards.

11. Mr. Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable United States laws. Mr. Mortland is paralyzed as a result of an accident and requires the use of a wheelchair for mobility and to travel in public.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

12.     At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the business as being handicapped accessible and handicapped usable.

13. On or about September 12, 2023, through September 13, 2023, Mr. Mortland was an invitee and guest at the business, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, Mr. Mortland, a person with a disability, encountered the following inaccessible elements of the subject Holiday Inn hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Mortland within the facility's (1)  parking lot and exterior accessible routes, (2) the passenger loading zone, (3) guestroom 121, (4) the breakfast area, (5) the outdoor patio area, (6) the pool area, (7) the men's public restroom, (8) the fitness center, (9) the laundry area, and (10), upon information and belief, the other accessible guest rooms.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. The discriminatory violations described in ¶ 15 are not an exclusive list of the Defendant's violations. Mr. Mortland requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

18. Mr. Mortland is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein, and continues as of the date of filing this complaint to deny equal access to Mr. Mortland and other persons with physical disabilities in these and other ways.

19. On information and belief, construction and/or alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

20. Mr. Mortland, as described herein below, seeks injunctive relief to require the business to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the business as a public facility.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act. Mr. Mortland seeks an order from this court compelling Defendant to make the business accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

23. Mr. Mortland is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the business and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as Mr. Mortland and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

24. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the business was in violation of the civil rights of persons with physical disabilities, such as Mr. Mortland, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of Mr. Mortland and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

ascertained except through discovery. Despite being informed of such effect on Mr. Mortland and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for Mr. Mortland and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of Mr. Mortland and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

25.    Mr. Mortland will return to Defendant's Holiday Inn hotel to obtain lodging (1) due to the hotel's proximity to the area where he will be performing work and where he visits for entertainment purposes, (2) due to the hotel's proximity to his friend, Jennifer, who lives in Cambridge, (3) if the business made fully accessible to a disabled person in a wheelchair, and (4) to also avail himself of the business' services. Furthermore, Mr. Mortland intends to return to the business on a bi-annual basis, beginning in 2025, in order to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

26.    Mr. Mortland pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 25 of this complaint.

27.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

28.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

29.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
***
(A) an inn, hotel, motel or other place of lodging ***.

42  U.S.C. §12181(7)(A).

30.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

who owns, leases, or leases to, or operates a place of public accommodation."

31.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of Mr. Mortland's rights under the ADA,

42. U.S.C. §§ 12181, *et seq.*

32.    On information and belief, construction work on, and modifications of, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

business occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA; due to the date of construction, mandatory compliance is required and there is no readily achievable defense.

33.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, Mr. Mortland is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Mr. Mortland cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

34.    Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Mr. Mortland has not returned to Defendant's premises since on or about September 12, 2023, through September 13, 2023, but on information and belief, alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

35.    Mr. Mortland seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

granting injunctive relief and attorneys' fees. Mr. Mortland will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief as hereinafter stated.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS LAW, M.G.L., C. 93, §103, ET SEQ.

36. Mr. Mortland repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 35 of this complaint.

37. At all times relevant to this action, the Holiday Inn hotel and the business therein, are "places of public accommodation" as defined pursuant to M.G.L. c. 272 § 92A, *et seq*.

38. Defendant committed an unlawful act pursuant to M.G.L. c. 93 § 103, *et seq*., by denying Mr. Mortland his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.G.L. c. 93 § 103, *et seq*.

39. Mr. Mortland has desired and attempted to enjoy the goods and services at Defendant's Holiday Inn hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to compensatory and exemplary damages for his injuries, as provided for in M.G.L. c. 93 § 103, *et seq*.

40. As a result of being denied full access to the property, Mr. Mortland has suffered, and will continue to suffer, personal physical injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

41. Pursuant to Massachusetts law, Mr. Mortland is entitled to compensatory and exemplary damages, and attorney fees and costs, in an amount to be determined at trial, but in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

any event not less than $50,000.00, as well as issuance of an injunction requiring Defendant to

allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

Wherefore, Mr. Mortland prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief and damages

as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.    For injunctive relief, compelling Defendant to make the Holiday Inn hotel, readily

accessible to and usable by individuals with disabilities; and to make reasonable modifications in

policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if Mr. Mortland is

deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS LAW, M.G.L. c. 93 § 103, *ET SEQ.***

4.    For injunctive relief, compelling Defendant to make the Holiday Inn hotel,

readily accessible to and usable by individuals with disabilities, per state law.

5.    General and compensatory damages according to proof;

6.    All compensatory damages for each day, from the inception of the filing of this

complaint, on which Defendant have failed to remove barriers which denied Mr. Mortland and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Massachusetts law, if Mr. Mortland is deemed the prevailing party;

8.      Exemplary damages, pursuant to Massachusetts law;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Massachusetts law; and

11.     Such other and further relief as the court may deem just and proper.


Respectfully submitted,

/s/ *EDWARD N. GARNO JR.*
EDWARD N. GARNO JR. (#564378)
P O Box 643
Lowell, MA 01853
(978) 397-2400
nedgarno@hotmail.com

Attorney for Plaintiff Derek Mortland


Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER –*
*PRO HAC VICE FORTHCOMING*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Massachusetts 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Derek Mortland